UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| YENISDEILYS PALACIOS SALDIVAR, <br> A # 240 739 659, <br><br> Petitioner, <br><br> v. <br><br> U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, Enforcement and Removal Operations (ERO), San Antonio Field Office, ET AL., <br><br> Respondents. | § § § § § § § § § § § § § § § | SA-26-CV-00453-JKP |

**ORDER FOR SERVICE**

Before the Court is the 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus (ECF No. 1) filed by *pro se* Petitioner Yenisdeilys Palacios Saldivar, who is currently detained at the Karnes County Immigration Processing Center in Karnes City, Texas, located in the Western District of Texas. The Petition was originally filed by Alexey Reyna Infante, Saldivar's sibling, as next friend on behalf of Saldivar. (*Id.*). Upon review, the Court rendered a Show Cause Order advising Infante and Saldivar that Infante appeared to lack standing to proceed as Saldivar's next friend and that even if he had standing, as a non–attorney he could not represent Saldivar in federal court. (ECF No. 3). Saldivar filed a response to the Court's Show Cause Order. (ECF No. 5). In her response, Saldivar states her intent to proceed *pro se* in this matter without Infante acting as next friend, seemingly adopting the Petition as her own. (*Id.*). The Court will permit Saldivar to adopt and ratify the Petition and proceed *pro se* in this matter. Accordingly, the Court will review the Petition as if filed by Saldivar herself in a *pro se* capacity. Saldivar is advised that she must sign and file any future documents in this matter on her own behalf as a *pro se* petitioner.[1]

The Court hereby **DIRECTS** the Clerk of Court to furnish a copy of the Petition and this Order to the Office of the United States Attorney in San Antonio, Texas. Delivery of those

---

[1] The Clerk of Court is directed to remove Alexey Reyna Infante as next friend in this matter. The Clerk of Court shall remove from the "Petitioner" portion of the case management system the phrase "by Next Friend Alexey Reyna Infante."

same documents by certified mail, return receipt requested, shall constitute sufficient service of process on the Federal Respondents, *see* FED. R. CIV. P. 4(i), and on all Respondents unless otherwise contested. Service should be directed to:

Stephanie Rico, Civil Process Clerk
U.S. Attorney's Office, Western District of Texas
601 N.W. Loop 410, Suite
600 San Antonio, Texas
78216.

Federal Respondents are **ORDERED** to file a response to the Petition for Writ of Habeas Corpus **no later than Wednesday, February 25, 2026, at 1:00 p.m**. Because this matter appears to turn at least in part on *Zadvydas v. Davis*, 533 U.S. 678 (2001) as a basis for finding detention unlawful, Respondents must consider the Court's prior orders addressing this question.[2] And the response shall specifically and expressly note (1) any material factual differences between those cases and this one, (2) any new arguments sought to be raised by Respondents, and (3) whether Respondents rely on any new material change in the legal landscape to support their continued detention of Petitioner. **Respondents should also consider Petitioner's other claims for relief.**

In lieu of a full response, Respondents may file an abbreviated response indicating that there are no material factual or legal differences here and preserving all legal arguments previously made by the Federal Respondents in the identified cases. Alternatively, should Respondents deem that no response is warranted in this case to preserve legal arguments previously asserted, they may simply choose to file no response within the established deadline. Under that alternative, the Court may grant the petition for the reasons previously stated in other cases. Petitioner shall have seven days from the date a response is filed to file any reply.

**IT IS FURTHER ORDERED** that any possible or anticipated removal or transfer is **IMMEDIATELY STAYED** until further order from this Court. Respondents shall not transfer the above–named Petitioner outside of this judicial district during the pendency of this litigation

---

[2] *See, e.g.*, *Sandoval-Salinas v. Thompson*, No. 5:25-CV-1624-JKP, unpub. op. (W.D. Tex. Dec. 19, 2025); *Shengelia v. Ortega*, No. 5:25-CV-1545-JKP, 2025 WL 3654368 (W.D. Tex. Dec. 16, 2025); *Marquez-Amaya v. Thompson*, No. 5:25-CV-1501-JKP, 2025 WL 3654327 (W.D. Tex. Dec. 15, 2025); *Puertas-Mendoza v. Bondi*, No. 5:25-CV-0890-XR, 2025 WL 3142089 (W.D. Tex. Oct. 22, 2025).

and until further Order of this Court allowing removal or transfer. Of course, this stay does not preclude Respondents from taking necessary steps to effect Petitioner's removal, it merely stays the physical removal or transfer of Petitioner.

**IT IS SO ORDERED this 17th day of February 2026.**

**JASON PULLIAM
UNITED STATES DISTRICT JUDGE**